IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02935-GPG

CHAD COLBORN,

      Applicant,

v.

THE STATE OF COLORADO,
DEPT. OF CORRECTIONS EXECUTIVE DIRECTOR,
PAROLE BOARD, and
GOVERNOR JOHN HICKENLOOPER,

      Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

      Applicant Chad Colborn is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Colorado Territorial Correctional Facility

in Cañon City, Colorado.  Applicant initiated this action by filing *pro se* an Application for

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Applicant then paid the $5 filing

fee.  Applicant also submitted a pleading on November 24, 2014, that asserted

additional claims.  Applicant was told that if he wanted to add claims to the original

Application he must file an Amended Application that includes all claims and that if he

failed to submit an Amended Application the Court would proceed to review the merits

of the original Application.  Since Applicant did not submit an Amended Application the

Court will proceed to review the original Application as follows.

      The Court must construe the Application liberally because Applicant is a *pro se*

litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Applicant will be ordered to file an Amended Application.

An Application must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Prolix, vague, or unintelligible pleadings also violate the requirements of Rule 8. The original Application is prolix and confusing.  Applicant sets forth seven claims that for the most part assert he has mental health issues and Respondents have engaged in racketeering, fraud, and organized crime by transferring him to Colorado from Oregon. In Claim One, although not clear, it appears that Applicant is asserting his due process rights were violated when he was illegally transported to Colorado by state officers to complete his Colorado sentence before he was able to participate in a pending criminal proceeding in the State of Oregon.  Applicant also requests money damages, which are not available in a § 2241 action.

2

Applicant, therefore, has failed to comply with Fed. R. Civ. P. 8, but he will be given an opportunity to file an Amended Application.  Applicant is directed to file an Amended Application that complies with the pleading requirements of Rule 8 and states claims in a manageable format that allows the Court and Respondents to know what claims are being asserted and to be able to respond to those claims.

Furthermore, pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who has custody of the detained person.  Only one person needs to be named as Applicant's custodian.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Applicant file an Amended Application that complies with this Order.  It is

FURTHER ORDERED that Applicant shall obtain the Court-approved 28 U.S.C. § 2241 Application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application as directed, the action may be dismissed without further notice.

DATED January 9, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge