IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02935-GPG

CHAD COLBORN,

    Applicant,

v.

JAMES FALK, Sterling Correctional Facility,

    Respondent.

## ORDER OF DISMISSAL

Applicant Chad Colborn is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Applicant also paid the $5 filing fee.

On January 9, 2015, Magistrate Judge Gordon P. Gallagher directed Applicant to file an Amended Application that complies with Fed. R. Civ. P. 8.  Applicant filed the Amended Application, ECF No. 11, on February 9, 2015.  Magistrate Judge Gallagher reviewed the Amended Application, found Applicant is challenging his return to Colorado and his subsequent parole revocation, and then directed Respondent to file a Preliminary Response to the Application that addresses the affirmative defenses of timeliness and exhaustion of state court remedies.

On March 10, 2015, Respondent filed a Preliminary Response, ECF No. 17. Applicant has not replied to the Preliminary Response within the time allowed. The Court, therefore, will proceed to address the affirmative defenses raised by Respondent.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Applicant contends that he was illegally transported from Oregon to Colorado and then subjected to a parole revocation. ECF No. 11, at 2. He further contends that his parole exceeded his original sentence as his mandatory release date was in 2013. *Id.* Applicant also contends that the criminal charges he was convicted of, possession of Schedule Two Narcotics, now is a misdemeanor offense for which he has served more than a six year sentence. Applicant seeks recomputation and statutory discharge of his sentence.

The Court finds as follows. On November 22, 2013, Applicant transferred his Colorado parole supervision to the State of Oregon per the Interstate Compact Agreement. Prelim. Resp., Ex. B, ECF No. 17-2, at 1. He, subsequently while in Oregon, was arrested, and charged with menacing, unlawful use of a weapon, and felon in possession of a restricted weapon. *Id.* On May 21, 2014, Applicant pled guilty to one count of unlawful use of a weapon and was sentenced by the Circuit Court of the State of Oregon for Lane County on May 22, 2014, to thirty-six months of probation. Prelim Resp., Ex. A, ECF No. 17-1, at 1. When Applicant was notified that he would be

returned to Colorado, because the new conviction was for a felony charge, Applicant absconded. ECF No. 17-2, at 2. On June 20, 2014, a Colorado arrest warrant was issued. Prelim. Resp., Ex. C, ECF No. 17-3. Once Applicant was returned to Colorado, he was notified of a parole revocation hearing, Prelim. Resp., Ex. D, ECF No. 17-4, a parole revocation hearing was held on December 12, 2014, and Applicant's parole was revoked to the custody of the DOC for the remainder of his sentence, Prelim. Resp., Ex. E, ECF No. 17-5.

Respondent argues that the Application should be denied because Applicant has failed to exhaust his state court remedies. ECF No. 17 at 3-6. Respondent has provided the state court register for both of Applicant's criminal cases, Case Nos. 2008CR1779 and 2008CR2614, and the search results for appellate court records that Applicant may have filed. Prelim Resp., Exs. G and H, ECF Nos. 17-7 and 17-8. None of the records provided by Respondent indicate Applicant has filed a state court action regarding his recent parole revocation.

A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir.

1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Applicant has failed to respond to the affirmative defense raised in this action, and he fails to demonstrate in the Application that he has fairly presented his claims to any state court. Therefore, the action will be dismissed for failure to exhaust state remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be

denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED April 9, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court